NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE FIRST LIBERTY INSURANCE CORPORATION, a/s/o JACQUELINE STAROPOLI, | : : : : : | CIVIL ACTION NO. 13-5744 (MLC) **MEMORANDUM OPINION** |
| Plaintiff, | : : | |
| v. | : : | |
| ABUNDA LIFE NUTRITIONAL TESTING CLINIC, INC., et al., | : : : | |
| Defendants. | : : | |

**THIS IS** a subrogation action ("Subrogation Action") brought on September 26, 2013, by an insurer to recover damages for injury to its insured's property.  (See dkt. entry no. 1, Compl.)  The Clerk of the Court has entered default in favor of the plaintiff and against the defendants — Abunda Life Nutritional Testing Clinic, Inc.; Abunda Life Health Hotel & Clinic Inc.; and Detox America, Inc. ("DAI") — in accordance with Federal Rule of Civil Procedure ("Rule") 55(a).  (See unnumbered dkt. entry following dkt. entry no. 12.)

**THE PLAINTIFF** now moves pursuant to Rule 55(b)(2) for entry of judgment by default in its favor and against the defendants.  (See dkt. entry no. 13, Notice of Mot.)  The plaintiff has submitted proof of certain damages in support of the motion.  (See dkt. entry no. 13-1, Pl. Affidavit.; dkt. entry no. 13-9, Affidavit of Pl. Claims Adjuster

Jonathan Vosilla (with exhibits).)  The plaintiff seeks: (1) monetary damages in the amount of $490,820.42; (2) unspecified "special damages"; (3) unspecified "pre-judgment . . . interest"; and (4) post-judgment interest.  (See Pl. Affidavit at 3.)

**THE DEFENDANTS** have not opposed the motion, even though (1) the return date was several weeks ago, and (2) the plaintiff has demonstrated that the defendants were properly served with the motion.  (See dkt. entry no. 13-2, Certificate of Service; see also dkt. entry no. 13-8, 3-4-14 Pl. Letters to Defs.)  It does not appear, from the Court's independent review of the relevant Westlaw databases, that the defendants have pending petitions for bankruptcy protection.[1]  The Court will decide the motion without oral argument.  See L.Civ.R. 78.1(b).

**THE PART OF THE MOTION** seeking monetary damages in the amount of $490,820.42 will be granted.  The part of the motion seeking special damages will be denied without prejudice, as those damages have not been specified.  The part of the motion seeking post-judgment interest will be granted.

**THE PART OF THE MOTION** seeking prejudgment interest will be granted insofar as it may be construed to seek to impose prejudgment interest at the current statutory rate set forth in 28 U.S.C. § 1961 from the date the Subrogation Action was

---

[1] DAI had petitioned for bankruptcy protection in the United States Bankruptcy Court for the Northern District of Georgia, but the petition was dismissed on July 13, 2012 — more than one year before the Subrogation Action was commenced — for DAI's failure to appear at a meeting of the creditors.  See Order of Dismissal, In re Detox America Inc., No. 12-59616 (Bankr. N.D. Ga. July 13, 2012), ECF No. 11.

commenced (September 26, 2013) to today (May 20, 2014), and otherwise denied.  There is a strong presumption in favor of an award of prejudgment interest.  See Marcus v. PQ Corp., 458 Fed.Appx. 207, 214 (3d Cir. 2012).  As the plaintiff has not provided any calculations concerning the imposition of prejudgment interest, the Court will exercise the discretion to utilize the modest rate set forth in 28 U.S.C. § 1961 for ease of calculation and in the interests of justice.  See St. Paul Fire & Marine Ins. Co. v. AVH Trucking, No. 07-4802, 2008 WL 4601771, at *5 (D.N.J. Oct. 15, 2008).

**THE COURT** notes that the defendants have an available avenue to contest the entry of judgment, if appropriate.  See Fed.R.Civ.P. 55(c) (stating court "may set aside a default judgment under Rule 60(b)"); see also Fed.R.Civ.P. 60(b) (setting forth grounds for relief from final judgment).  For good cause appearing, the Court will issue an appropriate order and judgment.

   s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: May 20, 2014